**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jaime Flores, ) | No. CV-02-2065-PHX-DGC (CRP) |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| Terry L. Stewart; and the Arizona ) | |
| Attorney General, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Pending before the Court are Petitioner Jaime Flores's petition for writ of habeas corpus and United States Magistrate Judge Morton Sitver's Supplemental Report and Recommendation (SR&R). Docs. ##1, 41. The R&R recommends that the Court deny the petition. Doc. #41. Petitioner has filed objections to the SR&R. Doc. #48. The Court requested a response from Respondents. Doc. #51. For the reasons set forth below, the Court will accept the R&R and deny the petition.

**I.    Background.**

In November 1997, Petitioner was charged in state court with six criminal offenses including kidnapping, aggravated assault, armed robbery, and assisting a criminal street gang. Doc. #22. While in jail in April 1998, Petitioner was charged with conspiracy to sell or transfer dangerous drugs, participation in a criminal street gang, and use of a wire communication in a drug-related transaction. *Id*.

In November 1998, Petitioner entered into plea agreements and pled guilty to the charges of kidnapping, aggravated assault, assisting a criminal street gang, and conspiracy to sell or transfer dangerous drugs. *Id.* at 2-3. The plea agreements called for a minimum sentence of eight years imprisonment and a maximum sentence of sixteen years imprisonment. *Id.* In January 1999, the state court held a sentencing hearing and found no mitigating factors and several aggravating factors: the use of an accomplice, pecuniary gain, serious physical injury to the victim, a horrible and heinous crime, three prior felonies, and a probation violation. *Id.* at 3. Petitioner was sentenced to five concurrent, aggravated prison terms, the longest of which was sixteen years. Doc. #12 at 4. Petitioner is confined at the Arizona State Prison Complex-Buckeye. Doc. #1.

Petitioner timely filed a state petition for post-conviction relief in June 2000. Doc. #12 at 4. The trial court summarily dismissed the petition in July 2000 and denied a motion for rehearing in September 2000. *Id.* The Arizona Court of Appeals denied review in May 2001, and the Arizona Supreme Court denied review in November 2001. *Id.*

After his state post-conviction relief efforts were unsuccessful, Petitioner filed a federal petition for writ of habeas corpus, alleging three grounds for relief: (1) ineffective assistance of trial counsel when counsel failed to properly investigate Petitioner's mental condition before his change of plea hearing, (2) ineffective assistance of trial counsel when counsel failed to request a competency hearing and argue Petitioner's diminished capacity as a mitigating sentencing factor, and (3) Petitioner did not knowingly, intelligently, and voluntarily plead guilty because he was medicated when he entered into his plea agreements and at his change of plea hearing. *Id.* at 1. The petition was referred to United States Magistrate Judge Morton Sitver for report and recommendation. Judge Sitver recommended denial of the petition. Doc. #22. This Court rejected the recommendation and referred the petition back to Judge Sitver for further consideration. Doc. #26 at 7. Judge Sitver appointed counsel for Petitioner, received supplemental briefing, and filed a detailed supplemental report and recommendation that the petition be denied (SR&R). Doc. #41. Petitioner has filed objections, and Respondents have filed a response. Docs. ##48, 51.

## II. Standard for Relief.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the Court may not grant habeas relief unless Petitioner has exhausted his claims in state court. 28 U.S.C. § 2254(b)(1); *see Gray v. Netherland*, 518 U.S. 152, 161 (1996). If Petition has exhausted his claims, the Court may not grant habeas relief unless the state's adjudication of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the Untied States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(1); *see Baldwin v. Reese*, 541 U.S. 27, 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). "The Supreme Court has said that § 2254(d)(1) imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state court decisions be given the benefit of the doubt.'" *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)).

## III. First and Second Claims for Relief.

Petitioner argues that while housed at the Maricopa County Jail, including when he entered his plea agreement, he was treated for a psychiatric condition. Petitioner claims that his trial counsel was on notice of his mental condition, yet failed to reasonably investigate it and therefore prejudiced his case. Doc. #1.

Upon review of the record, the SR&R found no evidence to support Petitioner's claim that his trial counsel was on notice that Petitioner suffered from diminished mental capacity. Doc. #41. The SR&R concluded that Petitioner's counsel had neither the actual nor the constructive notice necessary to create an affirmative duty to investigate his client's mental capacity. *Id*.

Petitioner objects to these findings and reasserts that trial counsel had actual notice and a duty to investigate his client's mental capacity. Doc. #48 (citing *Strickland v. Washington*, 466 U.S. 668 (1984) (holding that counsel has a duty to make reasonable

- 3 -

1 investigations or to make a reasonable decision that makes particular investigations 2 unnecessary)). Petitioner bases this argument on a single document that was never 3 mentioned in briefing before Magistrate Judge Sitver – a 12-11-97 record of a telephone call 4 from a lawyer, with a different name and gender than Petitioner's trial counsel, to a 5 psychiatrist, about Petitioner's suicidal tendencies. *Id.*

6 The Court first concludes that this evidence provides no basis for rejecting Judge 7 Sitver's recommendation. For the reasons stated in detail in the SR&R, Petitioner has 8 presented no colorable evidence to support his claim that his state trial counsel was on actual 9 or constructive notice of his alleged mental health issues. The existence of the 12-11-97 10 record, which reflects a call from a lawyer with a different name and gender from Petitioner's 11 trial counsel, does not alter this conclusion and does not provide a basis for concluding that 12 the state court's rejection of Petitioner's ineffective assistance claim was based on an 13 unreasonable determination of the facts in light of the evidence presented in the state court 14 proceeding. 28 U.S.C. § 2254(d)(2).

15 Additionally, Petitioner did not fairly present the 12-11-97 record to the state courts 16 for consideration. Before seeking a federal writ of habeas corpus, a state prisoner must give 17 the state the opportunity to pass upon and correct alleged violations of the prisoner's federal 18 rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Connor*, 404 U.S. 19 270, 275 (1971)); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Hiivala v. Wood*, 195 20 F.3d 1098, 1106 (9th Cir. 1999) (citing *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)). A state 21 has "been given a sufficient opportunity to hear an issue when the petitioner has presented 22 the state court with the issue's *factual and legal basis*." *Weaver v. Thompson*, 197 F.3d 359, 23 364 (9th Cir. 1999) (citing *Duncan* 513 U.S. at 365 (legal basis); *Correll v. Stewart*, 137 F.3d 24 1404, 1411-12 (9th Cir.1998) (factual basis)) (emphasis added).

25 Petitioner cannot satisfy the "fair presentation" requirement. He failed to provide the 26 state trial court with the 12-11-97 record upon which he now relies for his objection to the 27 SR&R. Doc. #13, Ex. N, Ex. C. Although Petitioner apparently attempted to attach the 28 record to his brief in the state appellate court, Respondent cites ample authority to show that

- 4 -

1 Arizona appellate courts confine their review of factual matters to evidence presented in the
2 state trial court. Doc. #51 at 5 & n. 1. As a result, Petitioner did not fairly present the state
3 courts with the factual basis upon which he now seeks relief. Petitioner accordingly cannot
4 show that the state court's rejection of Petitioner's ineffective assistance claim was based on
5 an unreasonable determination of the facts in light of the evidence presented in the state court
6 proceeding. 28 U.S.C. § 2254(d)(2).[1]

Furthermore, Petitioner objects to the SR&R as incorrectly applying the second prong of the *Strickland* test. Doc. #48. *See Strickland,* 466 U.S. at 687. The Ninth Circuit recently has held, however, that *Strickland* does not apply to non-capital sentencing cases and that "there is no clearly established federal law as determined by the Supreme Court in this context." *Davis v. Grigas,* 443 F.3d 1155, 1158 (9th Cir. 2006). Petitioner therefore cannot show that the Arizona courts unreasonably applied federal law as determined by the Supreme Court, and therefore fails to satisfy the requirement of 28 U.S.C. § 2254(d)(1).[2]

### IV. Evidentiary Hearing.

Petitioner objects to the R&R's conclusion that an evidentiary hearing is not warranted. Petitioner argues that he has presented ample facts to necessitate an evidentiary hearing, and relies on the standards developed in *Townsend v. Sain*, 372 U.S. 293, 313 (1963), to support this assertion. Respondents suggest this unqualified reliance is misplaced,

---

[1] If Petitioner were to return to state court now to present the factual basis offered in support of his first and second claims for relief, the claims would be precluded as waived and untimely under the Arizona Rules of Criminal Procedure. *See* Ariz. Rs. Crim. P. 32.2(a)(3), 32.4(a). Petitioner's first and second claims are thus technically exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 732.

[2] Petitioner does not object to the portion of the SR&R which rejects his third claim for relief. Any objections to this portion of the SR&R have been waived. 28 U.S.C. § 636(b)(1). Petitioner's attempt to incorporate all arguments made before the Magistrate Judge is also ineffective. *See Sullivan v. Schriro*, 2006 WL 1516005 (D. Ariz., May 30, 2006). The Court also notes, however, that Petitioner specifically told the sentencing court that he had not taken any drugs, alcohol or medication within 24 hours prior to the hearing. Doc. #13, Ex. G. The SR&R's correctly concludes that Petitioner was legally competent to enter his plea and that his third claim for relief is without merit.

- 5 -

and no hearing is warranted. The Court agrees.

The AEDPA, which was passed after *Townsend*, explains that if a petitioner fails to develop the factual basis for his claim in state court, the federal court shall not hold an evidentiary hearing unless the applicant shows that the claim is based on "(i) a new rule of constitutional law" that was previously unavailable, or "(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A). Petitioner makes no showing.[3]

**IT IS ORDERED:**

1. The Magistrate Judge's Supplemental Report and Recommendation (Doc. #41) is **accepted**.

2. Petitioner's petition for writ of habeas corpus (Doc. #1) is **denied**.

3. The Clerk shall **terminate** this action.

DATED this 11th day of August, 2006.

_____
David G. Campbell
United States District Judge

---

[3] Because Petitioner has not met the standards set forth in § 2254(e)(2)(A), section (B) of the statute need not be addressed. Section 2254(e)(2)(B) further narrows the circumstances in which an evidentiary hearing is justified, requiring a showing that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B).

- 6 -